UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| AVADO BRANDS, INC., ET AL., | ) | |
| | ) | 04-31555-HDH-11 |
| Debtors. | ) | |
| -------------------------------------------------- | ) | |
| WILLIAM V. LAPHAM, ET AL., | ) | |
| | ) | |
| Appellants/Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-0769-G |
| WILLIAM KAYE, TRUSTEE OF | ) | |
| AVADO BRANDS, INC. LITIGATION | ) | **ECF** |
| TRUST, | ) | |
| | ) | |
| Appellees/Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants William V. Lapham, Jerome

A. Atkinson, Emilio Alvarez-Recio, and Robert Sroka (collectively, "the appellants" or

"the defendants") to allow an interlocutory appeal, under 28 U.S.C. § 158(a) and

FED. R. BANKR. P. 8003, of the February 26, 2007 order of the bankruptcy court

denying their motion to dismiss. For the reasons set forth herein, the motion for leave is denied.

## I. BACKGROUND

This dispute arises from the filing of a petition for relief under Chapter 11 of the United States Bankruptcy Code by the debtor Avado Brands, Inc. ("Avado"), a Georgia corporation. The defendants are former outside directors of Avado. Pursuant to Avado's Chapter 11 reorganization plan, the Avado Brands, Inc. Litigation Trust (the "Trust") was created for the purpose of pursuing a limited group of claims for the benefit of Avado's creditors. *See* Defendants William V. Lapham, Jerome A. Atkinson, Emilio Alvarez-Recio and Robert Sroka's Motion to Allow Interlocutory Appeal, Under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8003, of the February 26, 2007 Order Denying the Motion to Dismiss of Jerome A. Atkinson, William V. Lapham, Emilio Alvarez-Recio and Robert Sroka, and Brief in Support of the Motion to Allow Interlocutory Appeal ("Motion for Interlocutory Appeal") at 5.

On December 9, 2005, the trustee for the Trust filed a complaint against the defendants. See *id.* The complaint alleges that the defendants breached their fiduciary duties by approving certain agreements and authorizing certain loans for the benefit of Thomas E. DuPree, Avado's chairman and chief executive officer. See *id.* at 6; Plaintiff's Memorandum of Law In Opposition to Motion for Interlocutory Appeal

("Plaintiff's Response") at 3. The defendants moved in the bankruptcy court to dismiss the complaint on the basis that the Georgia exculpation statute insulates them from the claims asserted. See Motion for Interlocutory Appeal at 6.

Finding no Georgia common law authority expounding on the scope of the exculpation statute, the bankruptcy court, guided by Delaware common law, denied the motion to dismiss. The instant motion for interlocutory appeal ensued.

## II. ANALYSIS

The defendants seek leave to take an interlocutory appeal for the purpose of reviewing the bankruptcy court's decision denying their motion to dismiss.

### A. Jurisdiction

Title 28 U.S.C. § 158(a) governs the jurisdiction of this court to hear appeals from a bankruptcy court's order. It provides that a district court has jurisdiction "to hear appeals . . . from final judgments, orders, and decrees . . . and . . . with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a).

### B. Motion for Leave to Appeal

A motion for leave to proceed on an interlocutory bankruptcy appeal under § 158(a)(3) must contain:

> (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a

> statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

FED. R. BANKR. P. 8003(a). The decision of whether to grant leave for an interlocutory appeal is within the discretion of the district court. *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001).

Similar to interlocutory appeals from district courts, bankruptcy interlocutory appeals are generally not favored because they disrupt the bankruptcy proceedings. See *Matter of Cross*, 666 F.2d 873, 878 (5th Cir. 1982); *In re Hunt International Resources Corporation*, 57 B.R. 371, 372 (N.D. Tex. 1985) (Sanders, J.). A court should grant an interlocutory appeal if a denial would result in wasted litigation and expense. *In re Babcock & Wilcox*, No. Civ. A. 04-302, 2004 WL 626288, at *2 (E.D. La. May 29, 2004) (citing *In re NSB Film Corporation*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994)). Piecemeal appeals that serve only to extend the litigation are discouraged, however, especially when weighed against the interests of the parties in obtaining an overall conclusion of the proceeding. *Id*. at *2 (citing *Babin v. Hattier*, No. Civ. A. 93-4137, 1994 WL 43810, at *2 (E.D. La. Feb. 8, 1994)). Thus, courts will hear an interlocutory appeal only under circumstances that justify overriding the general policy of not allowing such appeals. See *Powers v. Montgomery*, No. Civ. A. 3:97-CV-1736-P, 1998 WL 159944, at *2 (N.D. Tex. Apr. 1, 1998) (Solis, J.); *Hunt*

*International*, 57 B.R. at 372 (citing *In re National Shoes, Inc.*, 20 B.R. 672, 674 (B.A.P. 1st Cir. 1982)).

Though the Fifth Circuit has not held that 28 U.S.C. § 158(a) is coextensive with 28 U.S.C. § 1292(b),[1] the Fifth Circuit has applied the § 1292(b) standard to determine whether a district court should grant interlocutory review from a bankruptcy court order. See *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Applying § 1292(b), the Fifth Circuit held that leave to proceed on an interlocutory appeal should be granted if: (1) the bankruptcy court's order from which the appellant seeks to appeal involves a controlling issue of law; (2) the question is one where a substantial ground for difference of opinion exists; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. *Id.*; see also *Clark-Dietz and Associates-Engineers, Inc. v. Basic Construction Company*, 702 F.2d 67, 68 (5th Cir. 1983) (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959)); *Hunt International*, 57 B.R. at 372-73.

1.  *Controlling Issue of Law*

Granting leave to appeal an order concerning primarily issues of fact is inappropriate for purposes of interlocutory appeal. See *Clark-Dietz*, 702 F.2d at 69; *Gottfried Corporation v. Travelers Casualty and Surety Company of America*, No. Civ. A.

---

[1] Section 1292 of Title 28 United States Code is the statute conferring authority to the appellate courts to consider interlocutory appeals from the district courts.

03-2570, 2004 WL 1857656, at *2-3 (E.D. La. Aug. 18, 2004) ("federal courts have consistently held that questions of fact, such as whether a genuine issue of material fact precludes summary judgment, are inappropriate for interlocutory appeal under 28 U.S.C. § 1292(b)."). A controlling question of law arises "only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *Federal Deposit Insurance Corporation v. First National Bank of Waukesha, Wisconsin*, 604 F. Supp. 616, 620 (E.D. Wis. 1985) (citing *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515, 525 (S.D. N.Y. 1973), *appeal dismissed*, 496 F.2d 1094 (2d Cir. 1974)); see also *In re Auto Dealer Services, Inc.*, 81 B.R. 94, 96 (M.D. Fla. 1987).

While the application for interlocutory appeal on this motion stems from a question of law -- whether the Georgia exculpation statute is broad enough to relieve the defendants from liability for all the claims asserted against them --, the determination of this question of law appears to be limited to this case and these defendants. That is, the question of law does not involve a wide spectrum of cases. To the contrary, as the defendants' argument in the instant motion demonstrates, the Georgia exculpation statute has been interpreted rarely, if at all, in other cases.

2. *Substantial Ground for Difference of Opinion*

The second element, addressing a substantial ground for difference of opinion, refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party. *Babcock & Wilcox*, 2004 WL 626288, at *2. The claim that a case

has been wrongly decided is not enough to justify an interlocutory appeal. See *United States v. Grand Trunk Western Railroad Company*, 95 F.R.D. 463, 471 (W.D. Mich. 1981). Moreover, the mere lack of authority on a disputed issue does not necessarily establish a substantial ground for difference of opinion. *First National Bank of Waukesha*, 604 F. Supp. at 620. That the legal issue raised by an appellant may be rare or quite unusual does not automatically render the issue subject to substantial disagreement. *First American Corporation v. Al-Nahyan*, 948 F. Supp. 1107, 1117 (D.D.C. 1996) ("While it is true that the facts underlying this suit are quite unusual, neither unusual facts nor legal issues of first impression require, or in this instance justify, certification of an interlocutory appeal."). But see *In re Tomlin*, No. 3:00-CV-1161-T, 2000 WL 1909912, at *1 (N.D. Tex. Nov. 21, 2000) (Maloney, J.) ("There is no current authority that addresses the precise issue. Accordingly, the Court concludes that there is substantial ground for a difference of opinion on the controlling question of . . . law").

As evidence of a substantial disagreement, the appellants point only to the absence of precedent and the fact that they disagree with the bankruptcy court's ruling. Accordingly, the court finds that the appellants have not met this second element.

3. *Materially Advance the Ultimate Termination of the Litigation*

In the present case, granting the instant motion for leave to file an interlocutory appeal will not materially advance the termination of the litigation. The appellants are correct that if leave for interlocutory appeal were granted and if this court found in favor of their interpretation of the Georgia exculpation statute, then the litigation will terminate as to these defendants. However, the underlying litigation involves more than just the appellants; related litigation is pending before the bankruptcy court against other defendants. *See* Plaintiff's Response at 18.

Thus, from a judicial economy perspective, granting the motion for leave will provide little, if any, benefit. Rather, it will keep the bankruptcy proceedings in limbo for an indeterminate period of time. While the court is not unsympathetic to the burdens placed on the appellants through continued litigation, those burdens are insufficient to overcome the general presumption against granting interlocutory review.

Furthermore, the appellants' motion for interlocutory appeal recommends a protracted procedural process that would only result in further delay of this case. The appellants contend that the court should grant leave for them to file an interlocutory appeal. Then, upon considering that appeal, they request that this court should certify the legal question at issue to the Georgia Supreme Court to allow it to

interpret the statutes of its state.  *See* Motion for Interlocutory Appeal at 2-3.[2]

Accordingly, the court finds this third element is similarly not met.

### III. CONCLUSION

For the reasons stated above, the appellants' motion for leave to file an interlocutory appeal is **DENIED**.

**SO ORDERED**.

August 3, 2007.

_____
A. JOE FISH
CHIEF JUDGE

---

[2] Moreover, the issue to be certified to the Georgia Supreme Court would be based only on the facts contained in the Trust's complaint.  That is, the question to the Georgia Supreme Court would be based only upon allegations, not upon adjudicated facts.